IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RAFAEL SANTIAGO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-114-RWS-JBB |
| | § | |
| WARDEN JOHNSTON, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Rafael Santiago, proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus under 28 U.S.C. § 2241, challenging an alleged misapplication of time credits to his sentence. Docket No. 1. The case was referred to the United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Petitioner complains that he did not receive credit for the time he spent in the custody of the U.S. Marshal awaiting transfer to the Federal Bureau of Prisons ("BOP") facility. Docket No. 1 at 3, 8. Respondent filed an answer asserting that Petitioner failed to exhaust his administrative remedies as required by Fifth Circuit precedent. Docket No. 4 at 4 (citing *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)). Petitioner filed a reply, arguing that exhaustion was futile because his sentence would expire before the exhaustion process could conclude. Docket No. 7 at 3–4.

On December 17, 2025, the Magistrate Judge issued a report and recommendation, recommending that the petition for habeas corpus relief be dismissed for failure to exhaust administrative remedies. Docket No. 8 at 3–4. A copy of the December 17, 2025 Report and Recommendation was sent to Petitioner at his last known address (Docket No. 5), but it was returned as undeliverable with a notation on the envelope, "unable to forward." Docket No. 9. Eastern District of Texas Local Rule CV-11(d) requires a *pro se* litigant to "provide the [C]ourt

with a physical address." Under Rule CV-11(d), the litigant "is responsible for keeping the clerk advised in writing of his or her current physical address." A review of the BOP inmate locator website indicates that Petitioner was no longer in BOP custody as of December 29, 2025.

Because no objections were filed, Petitioner is barred from de novo review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 8) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the above-captioned petition for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction because Petitioner failed to exhaust his administrative remedies.

**So ORDERED and SIGNED this 29th day of January, 2026.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE